UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN FERDMAN<br><br>                              Plaintiff,<br><br>     - against -<br><br>JUST JARED, INC.<br><br>                              Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steven Ferdman ("Ferdman" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Just Jared, Inc. ("Jared") hereby alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of eight photographs of American singer and songwriter John Legend and model wife Chrissy Teigen, owned and registered by Ferdman, a professional photographer. Accordingly, Ferdman seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York and is registered to do business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Ferdman is a professional entertainment photographer in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 201 West 72nd Street, Apt. 18E, New York, New York 10023.

6. Upon information and belief, Jared is a domestic business corporation duly organized and existing under the laws of the State of the New York, with a place of business at 10880 Wilshire Blvd., Suite 1101, Los Angeles, California 90024. Upon information and belief, Jared is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Jared has owned and operated the website: www.JustJared.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photographs**

7. Ferdman photographed John Legend (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Ferdman is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 2-025-112.

**B.  Defendant's Infringing Activities**

10. Upon information and belief, on or about November 15, 2016, Jared ran an article on the Website entitled *John Legend Was Inspired By Twitter Trolls To Write Song About His Relationship With Chrissy Teigen On New Album.* See http://www.justjared.com/photo-gallery/3809214/john-legend-was-inspired-by-twitter-trolls-28/. The article prominently featured the Photographs on the Website. A true and correct copy of the Photographs on the Website is attached hereto as Exhibit B.

11. Jared did not license the Photographs from Plaintiff for its article, nor did Jared have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST JARED)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Jared infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the the Photographs on the Website. Jared is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Jared have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

18. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST JARED
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its Jared intentionally and knowingly altered and/or falsified copyright management information by adding a Just Jared watermark to the Photographs.

22. The conduct of Jared violates 17 U.S.C. § 1202(b).

23. Upon information and belief, Jared's falsification and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24. Upon information and belief, the falsification, alteration of said copyright management information was made by Jared intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Jared also knew, or should have known, that such falsification and/or alteration of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

25. As a result of the wrongful conduct of Jared as alleged herein, Plaintiff is entitled to recover from Jared the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Jared because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Jared statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Jared be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
February 21, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Steven Ferdman*

Case 1:17-cv-01283-LAP   Document 1   Filed 02/21/17   Page 7 of 7